Case number 19-2445 United States of America v. Michael Henry Arguments not to exceed 15 minutes per side Mr. Clark you may proceed for the appellant Thank you. Good morning your honors and may it please the court I'm Dennis Clark on behalf of Michael Henry with me at council table is my son-in-law partner John Clark and I've reserved three minutes for rebuttal Yes. Thank you. The first step back should be applied to appellant Henry's resentencing because his sentence was pending at the time in the district court as defined by the act and a sentence for his convictions all six of them was to be imposed anew after remand. The new law at the time Mr. Clark how do you get to the conclusion that the 924c convictions were pending before the district court except to the extent that I mean the district court could clearly consider those in determining whether to what sentence to impose in connection with the bank robberies but how do you get to the conclusion that the 924c charges were pending before the district court Well your honor when the your court in its opinion in January of 2018 the remand was and I quote for the purpose the limited purpose of resentencing him and allowing the district court to applicable to him and when the case came back to the district court from your court the district court found made a finding made a ruling that the court's remand order did not preclude Henry from raising the his first step act eligibility of resentencing so the court could consider the mandatories consider everything also the court and this is a specific quote from the district court implicit in the six six circuits instruction to resentence defendant in light of dean is the requirement the court determines the mandatory sentences facing defendant and then in light of persuasive precedent the district court further held and since the court must necessarily consider the mandatory minimums applicable to defendant to fully consider its discretion under dean the court concludes the defendant can properly raise the issue of his eligibility for relief under first step as I don't I don't think I'm really I'm really not questioning whether the court could consider the first step act I'm really not questioning whether the court could consider the fact that he already had all those mandatory minimum sentences what I'm really asking you about is the district court do you and I have a different view of what the district court was limited to doing on remand ultimately do you disagree that what the district court could do on remand was what it in fact did which was reduce the bank robbery sentences taking into account the extremely long amount of time he was going to serve on the 924c charges you think the district court could have done something more yes your honor and the what what the the district court did at the time of sentencing it imposed a separate sentence for each of the six counts all six and then subsequently issued an amended judgment a written amended judgment which was of course the new sentence nullifying any prior judgments any prior sentences and what it had and the the sentence on all six counts as a result of both the sentencing and the amended judgment is the effective sentence for Mr. Henry today and it's it was the sentence anew after the remand you you use the word anew but the district the uh sixth circuit opinion said it was a limited remand as opposed to sentence anew is that a significant problem for your position i don't think so your honor because again the court at a different time in the same opinion said that the reese the uh remand was for and i quote at page 501 722 fed appendix 501 the case is being submitted or excuse me remanded for the resentencing and allowing the district court to consider the mandatory minimum sentences applicable to him so that was first of all then secondly the district court made a decision that it was going to independently look at all of these uh counts and that's what in fact the court did and then we're reviewing we're reviewing the district court so why don't we get to the language of 403 because that seems to be the critical language of identifying applicability to pending cases and that section says that the amendments which are what you really want to have happen here shall apply to any offense that was committed before the date of enactment of this act which is of course true here if a sentence for the offense has not been imposed as of such date of enactment and so do you have a case or cases that you would rely on to suggest that that language if a sentence for the offense has not been imposed as of such date of enactment should apply in the case of a limited remand in light of the dean case the dean case saying that the district court should or the minimums in deciding a sentence for a separate count yes your honor i do a case we cited in our brief and then in a 28j letter the seventh circuit has recently en banc affirmed the district court in illinois in u.s versus uarte and this case was just decided by the en banc court about a month ago and let me quote this to answer your question section 403 this is a quote direct from the court's opinion section 403 is distinct and that it contains a provision that specifically addresses its application to pending cases congress took great care to ensure that defendants who had been convicted but not sentenced would not be denied the benefits of whose sentences had not been imposed before enactment even those who had been convicted and finally the text gives us no reason to believe that congress excluded from this expanse of reach certain defendants awaiting sentencing just because those defendants previously had received invalid sentences was uri arty was uri arty a general remand as opposed to a limited remand and if so should that make a difference i believe it was a general remand your honor de novo but i don't think it makes a difference under the circumstances of this case as i indicated earlier furthermore and on that specific point your honor there's one more reason why what was done below was appropriate and that is because of the fact that there was an intervening change in the law and that's exceedingly important and this circuit and many others have repeatedly talked about that in fact cost one of the opinions that we rely on for again to answer your specific question are there other cases out there we have cited many different cases we've cited the hodge excuse me the jackson case from the northern district of ohio the crow case from the eastern district of michigan and also this acosta case from the western district of new york speaks directly to this and where they quote this court the sixth circuit in saying the general rule is that a defendant should be sentenced under the law in effect at the time of sentencing and at the same time this court has said in u.s versus campbell and many other cases uh that the district court's ruling is is consistent here because of an exception to the limited limitation uh when on any resentencing there's a presumption of resentencing but when there's an intervening change in the law that can be an exception to any limitation under the uh law of the case doctrine or a mandate for limited uh remand and that's specifically from this court in the united states versus campbell from the pages 265 to 266 other circuits uh recognized this rule throughout the country the second circuit specifically we cite that in our brief and clearly uh that's just another reason why there's really no limitation uh on this resentencing when it occurred because congress can mr clark congress can uh back the language it's using in a statute um impose something other than what the general rule is of course right uh yes your honor that could happen but what we're saying here is so what we're doing intervening change so that if i could you let me finish my question please so what we have here is a situation where we're still back to interpreting what congress said and what congress meant by a sentence having been imposed correct that's correct your honor i want to ask one other i want to ask you one other quick question okay and because i don't want to take up too much time the reason that judge cleland impose reimpose the sentences in my mind was because he had to have at the end of the day a comprehensive judgment that reflected all of mr henry's convictions he needed that for purposes of the record for purposes of the senate's computation so that the board of the so the bureau of prisons would know what he was in prison for i mean that was as much an administrative matter as anything it seems to me do you disagree your honor i believe that he was sentencing him anew on all counts i don't think it was an administrative matter respectfully i i believe that the the reasoning of urarte and the other cases cited uh specifically this urarte case goes on to talk about how the only case that is against us if you and it really isn't because it's so distinguishable is this u.s versus hodge case and and urarte says that when hodge talks about a specific language of 403 they're saying that it's what their discussion is is pure dicta because what happened in hodge again the only case that's uh cited against us there wasn't even it's so different because hodge was convicted on three federal counts and seven territorial counts because the case came out of the district court of the virgin islands and what the third circuit said we're sending this case back for the limited resentencing on the territorial counts not even the so the hodge case is totally different for those reasons first of all because of what i just said and secondly because the uh what urarte says about hodge is what they said about 403 is pure dicta and i see my time is up so i'll be back for rebuttal yes definitely mr mulcahy good morning and may it please the court my name is kevin mulcahy and i represent the united states in this case this court should affirm the district court's judgment for two separate but equally strong reasons the first is that when this court remanded the case back to judge cleland at the district court it did so through a limited remand after henry's second appeal the court affirmed all of his convictions and the sentences related to his section 924 c crimes what remains was this intervening supreme court case of dean which allowed the district court to consider mandatory minimum sentences under 924 c when sentencing on the predicate offenses in this case bank robberies and so this court concluded the very last sentence of this second henry appeal stating the narrow remand as quote for the limited purpose of resentencing henry in light of dean so this court used the term limited twice in its opinion as a result the district court should not even have entertained the applicability of the first step act on remand the district court was the essence of the dean case is that the length of mandatory minimums can be considered by a district court in deciding what the length of the non-mandatory minimum counts could be and so why shouldn't it be proper for a district court to consider under the the new first step act what the length of the mandatory minimums should be as part of a limited remand so it's not like the district court is going off to decide some sentencing enhancement on some other matter but it's something that's tied directly to what the remand is for your honor i agree that it's tied to something that the remand was for but the district court was not permitted under the scope of the remand to change those 924c sentences and so while i agree that the district court had to consider the length of time that 924c required it was wholly without authority to alter or change the 924c it could only view it as as an influencer if it viewed it as an influencer at all for the bank robbery convictions excuse me sentence if this had been a general remand would you allow the district judge to reduce the mandatory minimums pursuant to the first step act no your honor i would the government would not be able to obviously make this argument this limited remand argument but under the plain language of the statute mr henry still does not get the benefit of the first step act so you're saying that i find that i'm sorry judge more please you think you were no i was going to say you're taking the position of the which which clearly raised this issue as opposed to the majority in the environment in the seventh circuit yes your honor judge given our mr mckay he your position the government's position on that point seems to be that even if a sentence is vacated and remanded it's still imposed because at some point a prior sentence had been in effect i mean it seems to me that a sentence that is when when the conviction is vacated and the case is remanded which i agree didn't happen here but if in a case where that happened how do you contend that the sentence has been imposed i mean that just seems there's no longer a sentence it's been vacated it seems to me that that's a really hard and unnecessary argument for the government to make convincingly so i'll start with that perhaps that last point first which is to say in this case your honor is absolutely right we didn't this court does not need to reach that issue because of the limited nature of the remand but comparing uriarty to hodge which is the third circuit case which stands procedurally in the same place as both uriarty and mr henry's case here to to suggest that a a sentence that's been vacated never took place um is very different than to say that a new sentence must be imposed congress chose to use the phrase a sentence imposed rather than a final sentence had it chosen the words final sentence certainly mr henry would be victorious here as would several of the other defendants you think that congress intended to strip appellate courts of their ability to vacate sentences and to make an imposed sentence unimposed no not sure i don't think congress was trying to strip the appellate courts of any of its right but rather isn't that what your argument would do no your honor our argument would simply recognize the historical fact that a sentence had been imposed congress had the difficult job of chose to draw the line in this case was to say anyone who commits a 924 c crimes multiple 924 c crimes in the same indictment moving forward will get the benefit of the act and anyone who committed that crime so close in time that they had not yet been sentenced would also receive the benefit of the act but for others who had been sentenced the act won't apply to them and congress drew that line whether it's the right line to draw or the line that um the group of us if we were a five person panel to create it would have drawn was different than whether congress drew a clear line and in this case it did draw the clear line there and the government's position is merely asking the court to apply that plain language the seventh circuit takes the opposite position from the third circuit in hodge and the seventh circuit um indicates that a sentence imposed in a general remand at least should be interpreted to require that there be a a valid sentence shall we say there's a question if we say there's ambiguity because of the two different circuits reaching different conclusions is there a legislative history or commentary from members of congress that would support or reject your position so to answer your honor's question i don't have that information in front of me i don't believe that that there is and i didn't cite any in our brief however there's an amicus brief in the ninth circuit where several different uh members of congress of both parties have taken the position that your interpretation is wrong so the strength of that of that argument would of course depend on whether or not the plain language of the act is ambiguous and our contention is that the words imposed have a have a accepted meaning and a sentence versus the sentence or final sentence suggests that congress meant to draw the requiring um or rather than acknowledging that some sentences may be vacated by courts of appeals or otherwise importantly i think that when we're talking about uriarty versus hodge there is an important distinction that matters for mr henry here which is that in uriarty it was a general remand and in the hodge case of the third circuit it was as mr henry's is a limited remand so because both of those uh mr hodge and mr henry sit procedurally in the same place and that they were being sentenced after passage of the act but after a limited remand this case is more akin to hodge than it is to uriarty but your opponent has argued that hodge was a different kind of limited remand because it was limited to these territorial counts whereas the remand here is a remand to resentence in light of dean which directly addresses the fact of mandatory minimum sentences so isn't there sort of an intermediate position where one could say that a limited remand in light of dean is more like a general remand for purposes of this narrow situation so in fact i think the opposite would be true that it is more like hodge than it is like uriarty but the hodge court in its initial remand told the district court was as far as the federal sentences go leave those be and only focus on these territorial offenses similarly what this court said in in second excuse me could i ask you a question sure yes sir yes sir that there is just a split in the circuits on this question the circuits are just and have different outcomes and basically all the same kind of facts right i think there's one distinguishing fact between uriarty and hodge which is the limited scope of the remand but otherwise procedurally i agree with your honor that that there is a split from the seventh circuit reasoning and the third circuit reasoning so the only way that's going to be um worked out is for the supreme court to take cert of one of these cases and straighten it out right yes your honor to the extent that another circuit weighs in um finding a case that doesn't have a limited remand um to in other words that approves of the government's view of this of this law uh without a limited remand where hodge and again where hodge and uriarty are different is a limited remand um and because mr henry is much more like mr uri or excuse me mr hodge and that this case had a limited remand as well there is that distinction and and turning back judge more to your question shouldn't this be where a situation where if it's a limited remand in light of dean it's more like uriarty um just as the third circuit had indicated to the district court in hodge leave the federal sentences alone and focus only on the territorial offenses this court's remand in the second henry case said leave the 924 c convictions and sentences alone and look only to the bank robberies because it was the bank robbery federal issue say that the sixth circuit said leave the 924 c sentences alone it didn't expressly say that and of course the sixth circuit decision was before the first step act right yes your honor absolutely i meant that circuit decision didn't even know about the change that the first step act would provide so it wouldn't it wouldn't have been possible for the sixth circuit to remand and light up the first step act correct yes your honor and that's true also of hodge where the third circuit couldn't have known when it remanded because again it remanded before the passage of the act as well but to to sort of put a cap on this um limited remand uh issue as it relates to to mr hodge well i agree that this court um that this court's limited remand did ask the district court to issue a new judgment and issue a new it could only change the sentence as it related to the predicate bank robberies those 924 c crimes those those sentences were static and that's what makes this more like hodge and less like the general remand of uriarty and so unless there are further questions the government would submit uh simply that there that there is a plain the plain language of the act certainly supports um mr or judge cleland's decision below but before the court even needed to weigh in on the plain language of the act the limited nature of the lead of the remand left the district court without authority to do what mr henry asked it to do and therefore this court should affirm the judgment and the sentences thank you thank you your honor mr clark thank you your honor a few things to mention first of all in regard to the i just want to mention that the ruling by the court below was never cross appealed by the government secondly in regard to the hodge case as i pointed out i know i'm emphasizing this but the facts are so totally different and the remand was so totally different and the actual uh what may pertain to the decision rendered to be rendered by this court was is as the uh seventh circuit said dicta in in uh urarte thirdly as far as the i think it's very important the law is so clear on this that in this circuit and throughout the country that when there is an intervening change in the law that that can be taken into effect or taken into consideration by the district court and particularly here on a resentencing when there's an intervening change in the law that could be properly taken into consideration and indeed it was by the district court and finally that and i just want to also mention that again the sixth circuit when you did remand originally it was remanded for resentencing and consideration of the mandatories and finally uh i think this is really very very important at this point because of the back and forth on this and the discussion about the what the law says and how it applies i'm suggesting and strongly urging that the rule of lenity be applied in this particular case to the extent that there's the applicability of the first step back depending cases could be considered ambiguous at any point as to resentencings the rule of lenity should apply it's very interesting uh we've heard quite a bit about uh actually uh we've heard the name uh and the philosophy recently of justice scalia he he was a proponent of this um rule of lenity and in there are a number of supreme court cases in recent years that have cited the rule of lenity and also this sixth circuit has many times and we've quoted them in our cases the u.s versus bucha for a number uh for example from the sixth circuit in 2001 the policy of validity means the court will not interpret a federal statute so to increase the penalty as it places on an individual when such an interpretation could be no more than a guess as to what congress intended and also the specifically the u.s versus rocky more from the sixth circuit at 909 fed third it's only from 2018 they also talk about rule of lenity and the number of supreme court cases and specifically some uh reasoning by judge scalia this seems to be the classic textbook case the application of the rule of lenity i thank you thank you both for your argument mr clark i see that you're appointed pursuant to the criminal justice act and we thank you for your representation of the client you're welcome for the argument and the case will be submitted